IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HPA US1 LLC, § | | |
|       Plaintiff, § | | |
| § | | |
| v. § | | No. 3:23-cv-00694-E-BT |
| § | | |
| TRACY LEWIS, § | | |
| § | | |
|       Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Tracy Lewis, a Texas resident, filed a *pro se* "Notice of Removal" purporting to remove Plaintiff HPA US1 LLC's (HPA) eviction case filed in the Justice Court of Ellis County. *See* Not. Removal (ECF No. 3). For the reasons stated, the Court should REMAND HPA's case as improperly removed.

**Background**

On March 6, 2023, HPA commenced an eviction proceeding against Lewis in Ellis County Justice Court, Precinct 2. *See* Not. Removal 7, 10-11. On March 31, Lewis attempted to remove HPA's suit to this Court by filing (i) a Notice of Removal (ECF No. 3), to which she attached various pleadings from the Justice Court, and (ii) a motion for leave to proceed *in forma pauperis* (ECF No. 4). Lewis appears to contend that removal is proper based on federal question jurisdiction because of unspecified "alleged 'racist and discriminatory' actions ascribed to [HPA]" and "allegations regarding the deprivation of equal rights." Not. Removal 2-3. She further alleges unspecified "violations of the Fair Housing Act, . . . which is a 'law .

1

. . of the United States.'" *Id*. 3. However, the Notice of Removal also contains several statements that appear to have been copied from another case. *See id*. 3, 4 (references to "Count 15" and "Count 16" and stating that "a copy of this Notice of Removal is being filed with the Clerk of the State Court of Clayton County, State of Georgia").

The Court issued Notice and Instructions to a Pro Se Party (ECF No. 2). But on April 20, the Notice and Instructions were returned to the Court as undeliverable. *See* ECF No. 5. Lewis has not provided the Court with a current address.

## Legal Standard

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and other federal laws. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (Scalia, J.) (citations omitted). And courts have an independent duty to examine their subject matter jurisdiction and to dismiss any case in which jurisdiction is lacking. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *accord McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $75,000, and there

is complete diversity of citizenship among the parties ("diversity jurisdiction"), 28 U.S.C. § 1332(a). *See Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019). Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court civil action over which the federal courts would have original jurisdiction. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

**Analysis**

When determining whether federal question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.,* 980 F.2d 1014, 1017 (5th Cir. 1993). Thus, to remove a case based on federal question jurisdiction, "[i]t is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326–27 (5th Cir. 1998) (emphasis added) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109 (1936)); *see, e.g., Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Renegade Swish, L.L.C. v. Wright,* 857 F.3d 692, 697 (5th Cir. 2017) ("In short, [ ] *Vaden*

3

extinguished any possibility that a counterclaim can establish federal question jurisdiction.").

Here, the petition filed in state court, *see* Not. Removal 10-11, was a simple eviction suit based on state law. *See* Tex. Prop. Code Ann. § 24.0051. Generally, there is no federal jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Any federal claim for discrimination or for violations of the Fair Housing Act that Lewis might assert does not appear on the face of the complaint. Thus, the Court does not have federal question jurisdiction. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (state court eviction action provided no basis for federal question removal jurisdiction); *Forest Hills Apartments, LLC v. Wilson*, 2018 WL 5312780, at *3 (N.D. Tex. Oct. 26, 2018) (same).

Diversity jurisdiction is also lacking. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because Lewis's notice of removal does not "distinctly and affirmatively" allege HPA's citizenship, she has not met her burden to show diversity of citizenship. But even assuming the parties are completely diverse, the amount in controversy fails to satisfy the jurisdiction threshold. Under Texas law, an eviction proceeding determines only "the right to immediate

4

possession of the premises," *Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex. Civ. App.—Corpus Christi 1978, no writ), and "the measure of the lessor's damages for withholding possession pending appeal of [a] forcible detainer action is the reasonable rental value." *Hart v. Keller Props.,* 567 S.W.2d 888, 889 (Tex. Civ. App.—Dallas 1978, no writ.). Thus, HPA's requested relief in the form of possession of Lewis's apartment and damages in the amount of $14,650.00 for delinquent rent is insufficient to satisfy the requisite amount in controversy. Not. Removal 10.

## Conclusion

The Court lacks subject matter jurisdiction over this case; therefore, the Court should REMAND HPA's lawsuit back to the Ellis County Justice Court, Precinct 2.

**SO RECOMMENDED**.

April 28, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

5

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).